IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID ANTOINE LUSTER,**

        **Petitioner,**

v.                                                       **Civil Action No. 3:21-CV-20
(GROH)**

**WARDEN FCI GILMER,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 3, 2021, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate who is housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Middle District of Georgia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY

**A. Conviction and Sentence in 5:03CR52, 5:03-CR-98, 5:03-CR-99, 5:03-CR-100, and 5:03-CR-105, Middle District of Georgia**

Petitioner was charged in five separate indictments with eight counts of bank

---

[1] All CM/ECF references designated "ECF No. 1" refer to the instant civil action, 3:21-CV-20 in the Northern District of West Virginia. All other CM-ECF references refer to Criminal Action No. 5::03CR52 in the Middle District of Georgia. See generally Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record").

1

robbery, in violation of 8 U.S.C. §§ 2113(a) and (d), and five counts of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(I)(A)(i) and (ii) and 18 U.S.C. § 2. ECF No. 105. Petitioner entered a plea of guilty to the eight bank robbery charges and two of the firearms charges and was sentenced in a consolidated proceeding on April 1, 2004. Id. Petitioner was sentenced to 151 months on each of the bank robbery charges, to run concurrent with each other, followed by a consecutive term of 84 months on Count Two of Indictment 5:03-cr-52, and a consecutive term of 300 months on Count Four of Indictment 5:03-cr-52. Counts Two and Four were firearms charges under 18 U.S.C. § 924(c)(I)(A), which carried mandatory consecutive sentences. Id. The sentencing court sentenced Luster to an aggregate 535-month term of imprisonment. Id.

**C. Direct Appeal of 5:03CR52, 5:03-CR-98, 5:03-CR-99, 5:03-CR-100, and 5:03-CR-105, Middle District of Georgia**

Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. See ECF No. 56.

**D. Post-Conviction Relief, Including Motions to Vacate under 28 U.S.C. § 2255 and other post conviction motions.**

Following his direct appeal, Luster filed at least five 28 U.S.C. § 2255 motions challenging his conviction or sentence. See ECF Nos. 57, 104, 110, 113, & 119. On approximately ten additional occasions, Luster sought authorization from the Court of Appeals for the Eleventh Circuit to authorize the district court to consider a second or successive § 2255 petition. See ECF No. 102, 112, 116,

2

117, 121, 122, 125, 127, 128, & 129. Luster has also filed § 2241 petitions in the United States District Courts for the Middle District of Pennsylvania, Middle District of Georgia, and Western District of Pennsylvania, all of which have been dismissed and/or denied. See Luster v. Oddo, 2017 WL 3821468 (M.D. Ga. Aug. 31, 2017); Luster v. White, No. 4:18-cv-763 (M.D. Pa. 2018); Luster v. Oddo, No. 4:17-cv-1074 (M.D. Pa. 2017); Luster v. Oddo, No. 4:l7-cv-684 (M.D. Pa. 2017); Luster v. Williams, No. l:18-cv-160 (W.D. Pa. 2018). Most recently, On January 24, 2022, Petitioner has filed a Notice of Appeal [ECF No. 251] for the denial of his Motion for Compassionate Release in the Middle District of Georgia. As of this date, the appeal is still pending.

    **E.    Claims in Instant § 2241 Petition**

The instant § 2241 petition was filed with the Court on February 3, 2021. ECF No. 1. It challenges Petitioner's conviction and sentence in the Middle District of Georgia, (5:03CR52, 5:03-CR-98, 5:03-CR-99, 5:03-CR-100, and 5:03-CR-105, Middle District of Georgia). Petitioner raises three grounds for relief: (1) that he is actually innocent of his second § 924(c)(1) conviction[ECF No. 1 at 5]; (2) he alleges that "Congress clarified the conduct under 924(c)(1)(C) to negate the necessity of retroactivity. Mr. Luster's conduct of being a first time offender is outside the scope of § 924(c)(1)(C) in one proceeding" Id. and (3) due process regarding § 924(c)(1). Id. at 6. All three grounds appear to challenge his enhanced sentence under § 924(c)(1)(C).

Petitioner seeks immediate release . Id. at 8.

**LEGAL STANDARDS**

A.   **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.   **Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### III. ANALYSIS

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is

---

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

"inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

7

All three grounds for which Petitioner seeks relief revolve around Petitioner's assertion that he is actually innocent of his sentence because the Fair Sentencing Act of 2010 and the First Step Act of 2018 have since reduced the applicable penalty for his offense of conviction.[5] Among other things, the First Step Act amended the language of 18 U.S.C. § 924(c)(l)(C) by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018 § 403(a), Pub. L. 115-391, 132 Stat. 5194, 5221-22 (2018). Under the old version of the statute, applicable at the time of Luster's conviction and sentence, multiple § 924(c) convictions stemming from the same indictment could be stacked for purposes of qualifying a defendant as a "second or subsequent" violator and subjecting him to a higher mandatory minimum penalty. As applied to Luster, his conviction of a § 924(c) charge at Count 2 of his indictment qualified as a predicate conviction for the second § 924(c) charge at Count 4, subjecting him to a mandatory minimum penalty under § 924(c)(l)(C)(i). Under the amended version of the statute, the enhanced mandatory minimum applies only if the prior qualifying § 924(c) conviction stemmed from a prior final conviction. Luster contends that this change in the law entitles him to relief. However, "…that change does not apply retroactively to sentences – like the defendants' –

---

[5] Although the claims asserted by the Petitioner are not clear, the undersigned deems this to be the relief sought.

8

imposed before December 21, 2018, when the First Step Act became law. "See § 403(b), 132 Stat. at 5222; Jordan, 952 F.3d at 174. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. In his challenge to his conviction raised under § 2241, Petitioner must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that Petitioner's conduct is no longer deemed to be criminal. All of the crimes Petitioner was convicted of committing—armed bank robbery in violation of 18 U.S.C. §§ 2113 (a) and (d), and carrying or using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)—are still violations of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

As to the challenge to his sentence, because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

Even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Because the First Step Act does not apply retroactively, Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  2-2-2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE